*E-filed 5/14/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE KLA-TENCOR CORP. SHAREHOLDER DERIVATIVE LITIGATION<br><br>_____/ | No. C06-03445 JW (HRL)<br><br>**ORDER ON MOTION FOR PROTECTIVE ORDER ON THE SCOPE OF DISCOVERY BY KLA-TENCOR BOARD OF DIRECTORS' SPECIAL LITIGATION COMMITTEE**<br><br>Re: Docket No. 164 |

This is a derivative action brought on behalf of KLA-Tencor ("KLA") against various officers and directors for alleged violations of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b). Plaintiffs say that defendants engaged in illegal options backdating.

In response to this action, KLA formed a Special Litigation Committee ("SLC") to investigate plaintiffs' claims. At the conclusion of its investigation, the SLC prepared a report ("SLC Report") detailing its findings.[1] Based on those findings, the SLC settled certain claims and moved to terminate the litigation. The SLC concurrently filed this motion for a protective order to limit the scope of discovery in connection with the motion to terminate. Having considered the papers and arguments of counsel, the court orders as follows:

---

[1] The SLC concluded as follows: (i) the claims asserted against defendants Levy, Schroeder, Tompkins, and Dickerson should be settled, and (ii) the claims against the remaining individual defendants should be dismissed with prejudice because their pursuit is not in the best interests of KLA or its shareholders.

## LEGAL STANDARD

The only issue to be decided with respect to the SLC's motion to terminate is whether the SLC or the shareholder derivative plaintiff should control the claims alleged on behalf of KLA in this action. Thus, the sole purpose of discovery at this time is to test the threshold issues of the SLC's independence and good faith, and the reasonableness of its investigation. *See Zapata Corp. v. Maldonado*, 430 A.2d 779, 788-789 (Del. 1981). As both plaintiffs and the SLC agree, the plaintiffs are not entitled to merits discovery at this stage. *Kaplan v. Wyatt*, 499 A.2d 1184 (Del. 1985). This discovery is "intended more as an aid to the Court than ... as a preparation tool for the parties." *Kaplan v. Wyatt*, 484 A.2d 501, 510 (Del. Ch. 1984).

Under Delaware law - which is controlling here - discovery in connection with a motion to terminate is "not by right, but by order of the Court, with the type and extent of discovery left totally to the discretion of the Court." *Kaplan*, 499 A.2d at 1192. The determination as to what discovery should be permitted is fact-intensive and often depends on the sufficiency of the SLC's report in providing a basis to test the "independence and good faith, and the reasonableness of its investigation." *Id.*

Cases addressing a motion to terminate discovery vary in their assessments of the appropriate scope of discovery.[2] It appears that the cases which found the SLC Report sufficiently thorough allowed more limited discovery (such as the report and depositions of SLC members only). On the other hand, cases granting more expansive discovery found the report lacking or otherwise had reason to question the independence or good faith of the SLC (e.g., when there is a so-called "whitewash" - a recommendation by the committee that all claims be dismissed notwithstanding evidence of wrongdoing).

---

[2] *Compare Kaplan,* 484 A.2d 501 (Del. Ch. 1984) (limiting discovery to SLC report and depositions of committee representatives), *aff'd* 499 A.2d 1184 (noting that Kaplan was provided with sufficient means to discover and examine the independence and good faith of the committee's investigation), *with Kindt v. Lund*, No. Civ.A. 17751, 2001 WL 1671438, at *2 (Del. Ch. 2001) (ordering production of all transcripts, notes and summaries of witness interviews and all documents reviewed and relied upon by the committee, including all drafts of the report).

2

## DISCUSSION

Here, the SLC Report sets forth with some specificity the investigation it undertook and some of the reasons underlying its conclusions. For example, the SLC relied on the factual record of the Special Committee ("SC") who had been appointed by the KLA Board of Directors to investigate the back dating allegations prior to the appointment of the SLC. It also reviewed internal documents, considered memoranda drafted by counsel following witness interviews, and consulted with forensic accountants at the Law and Economics Consulting Group. Furthermore, this case is not like the "whitewash" cases. KLA's SLC found that option back dating had occurred and then it settled claims with some defendants while moving to terminate the claims against the rest. However, on the SLC's own admission, the SLC Report does not discuss "the particular evidence (i.e., documents and information from interviews) that supported each of the SLC's findings and conclusions." Reply Brief, pg. 8; *see also* SLC Report, pg. 81 (filed under seal). It claims that this information was intentionally not disclosed because of a pending shareholder class action suit.

Because the SLC Report is somewhat lacking in terms of evidentiary support for the conclusions reached, plaintiffs are entitled to some limited discovery beyond that currently offered by the SLC (i.e., the SLC Report, depositions of SLC members, (redacted) minutes of SLC meetings, and data underlying certain stock option gains and repricing calculations). The scope of discovery,[3] as set forth below in the order, is that which is necessary and appropriate under these circumstances to facilitate inquiries by the presiding judge into the "independence and good faith of the committee and the bases supporting its conclusions." *Zapata*, 430 A.2d at 788.

//

//

**//**

---

[3] After this motion was filed, plaintiffs served Requests for Production of Documents (RFP's). At the hearing on this motion, counsel for plaintiffs said that these RFP's - in addition to what the SLC has offered to produce - cover the universe of discovery sought by plaintiffs. Although they are not yet due, the court will use the RFP's as a template for discussing the appropriate scope of discovery.

**ORDER**

**A.    Documents**

The SLC shall produce all relevant and responsive documents within its possession, custody, or control on the following topics:

- The SLC Report;

- Minutes of SLC[4] meetings (redacted to preserve attorney-client privilege or work product protections);

- The data underlying the SLC's calculations of stock option gains realized by individual defendants Kenneth Levy, Jon Tompkins, Gary Dickerson, and Kenneth Schroeder;

- The data underlying the repricing of stock options granted to Kenneth Levy, John Kispert and Stuart Nichols;

- All transcripts, notes and summaries of witness interviews conducted by the SLC (or by the SC which were relied upon by the SLC);

- All writings and communications between defendants and the SLC regarding this case or its settlement; and,

- All documents concerning the creation of the SLC and appointment of members.

The motion to terminate is set for hearing on June 30, 2008. Given this time sensitivity, the SLC shall produce these documents as soon as it is reasonably able, but not later than May 28, 2008.

**B.    Depositions**

The depositions of SLC members shall be conducted as soon as the parties can arrange them. Nothing in the "Documents" portion of this order should be construed to limit the topics which may be covered during those depositions.

**IT IS SO ORDERED.**



Dated:   5/14/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] The SLC was concerned by the broad definition of "SLC" in plaintiff's RFP's. As noted previously, the RFP's are merely a guideline here. However, to clarify, as used in these topics "SLC" is defined as the committee created to investigate the stock option back dating claims (from the time of its inception to the present). The same goes for the SC.

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Christopher J. Banks cbanks@morganlewis.com, cericson@morganlewis.com
Paul F. Bennett pfb@gbcslaw.com, cgw@gbcslaw.com
Walter F. Brown wbrown@orrick.com, awills@orrick.com
Travis E. Downs , III travisd@csgrr.com, e_file_sd@csgrr.com
Miles F. Ehrlich miles@ramsey-ehrlich.com, andrew@ramsey-ehrlich.com, felicia@ramsey-ehrlich.com, ji-ea@ramsey-ehrlich.com, milesmf@yahoo.com
Joseph Edward Floren jfloren@morganlewis.com, rluke@morganlewis.com
Jonathan B. Gaskin jgaskin@orrick.com, mticzon@orrick.com
Thomas R. Green tgreen@morganlewis.com, lbuda@morganlewis.com
Emily Victoria Griffen egriffen@shearman.com
Felicia Gross felicia@ramsey-ehrlich.com
Tera Marie Heintz theintz@morganlewis.com, eeberline@morganlewis.com
Alice L. Jensen ajensen@fenwick.com, cprocida@fenwick.com
Geoffrey M. Johnson gjohnson@scott-scott.com, aslaughter@scott-scott.com
Steve Shea Kaufhold skaufhold@akingump.com, cgoodman@akingump.com, lrojas@akingump.com
Thomas Samuel Kimbrell thomas.kimbrell@hellerehrman.com, dcdocket@hellerehrman.com, reggie.payne@hellerehrman.com
Dean S. Kristy dkristy@fenwick.com, cprocida@fenwick.com, kayoung@fenwick.com
Nicole Catherine Lavallee nlavallee@bermanesq.com, ysoboleva@bermanesq.com
James Elliot Lyons jlyons@skadden.com, btravagl@skadden.com, kvirdone@skadden.com, wacampbe@skadden.com
Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com
Lanelle Kay Meidan lanelle.meidan@skadden.com
Timothy Alan Miller tmiller@skadden.com, elanders@skadden.com, mborden@skadden.com
Kevin Peter Muck kmuck@fenwick.com, cprocida@fenwick.com
Leigh Anne Parker info@wllawca.com, lparker@weisslurie.com
Warrington S. Parker , III wparker@hewm.com, Susan.Griffin-Preston@hellerehrman.com, tchurch@hewm.com
David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com
Ismail Jomo Ramsey izzy@ramsey-ehrlich.com, andrew@ramsey-ehrlich.com, ji-ea@ramsey-ehrlich.com
Patrick David Robbins probbins@shearman.com, rcheatham@shearman.com
David R. Scott drscott@scott-scott.com
Michael Todd Scott tscott@orrick.com, elee@orrick.com
Michael J. Shepard mshepard@hewm.com, megan.dixon@hellerehrman.com, monica.patel@hellerehrman.com, nsims@hewm.com, sgriffinpreston@hewm.com
Arthur L. Shingler , III ashingler@scott-scott.com, ssawyer@scott-scott.com
Benjamin Patrick Smith bpsmith@morganlewis.com, ewoodward@morganlewis.com
Robert P. Varian rvarian@orrick.com, bclarke@orrick.com
Matthew S. Weiler lwalker@morganlewis.com, mweiler@morganlewis.com
Shirli Fabbri Weiss shirli.weiss@dlapiper.com
Shawn A. Williams shawnw@csgrr.com, aelishb@csgrr.com, cwood@csgrr.com, e_file_sd@csgrr.com, e_file_sf@csgrr.com, moniquew@csgrr.com, travisd@csgrr.com
Christopher Martin Wood cwood@csgrr.com
Denise V. Zamore dzamore@scott-scott.com, cmcgowan@scott-scott.com

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered for e-filing.

Date:   5/14/08                                         /s/ KRO

                                                Chambers of Magistrate Judge Howard R. Lloyd