*E-filed 8/13/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE KLA-TENCOR CORP.
SHAREHOLDER DERIVATIVE LITIGATION

No. C06-03445 JW (HRL)

**ORDER RE: LEAD PLAINTIFF'S MOTION TO ENFORCE DISCOVERY ORDER**

[Re: Docket No. 275]

This is a derivative action brought by certain stockholders on behalf of KLA-Tencor, Inc. ("KLA") against certain of its officers and directors for alleged violations of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b). Plaintiffs say that defendants engaged in illegal backdating of stock options. In response to this action, KLA formed a Special Litigation Committee ("SLC"). At the conclusion of its investigation, the SLC issued a report detailing its findings. Thereupon, it moved (1) for approval of its settlement with some of the defendants (having decided not to pursue others), and (2) to terminate the litigation. In conjunction with that motion, the SLC also moved for a protective order to limit the scope of allowable discovery in connection with its motion to terminate.

The undersigned issued an order on May 14 ("May Order") setting that scope. The purpose of discovery now was to aid the district judge in assessing the independence and good

faith of the SLC with respect to its conclusions and recommendations. In part, the May Order required the SLC to produce "[a]ll transcripts, <u>notes</u> and summaries of witness interviews conducted by the SLC." (emphasis added).

The SLC produced everything except the notes that its counsel took during witness interviews. (Its attorneys used these notes to create the interview summaries that the SLC relied on in preparing its report. The SLC never saw the notes.) Counsel for the SLC objected to producing the notes in a letter. The letter explained that the notes were protected attorney work-product, and were not listed on the privilege log because this same objection applied to all the notes. Lead plaintiff, Alaska Electrical Pension Fund ("AEPF"), now moves (1) to compel production of the notes, and (2) for a recommendation to the district judge to impose certain evidence preclusion sanctions. The court held a hearing on August 5, 2008. Having considered the briefs and the arguments of counsel, the court denies plaintiffs' motion.

## LEGAL STANDARD

If a party fails to obey an order to provide or permit discovery, the Court may issue further orders, including sanctions that preclude the use of the discovery in further proceedings. *See* Fed. R. Civ. P. 37(b)(2)(A).

Attorney work-product includes "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). Work-product is ordinarily not discoverable, absent a showing that the requesting party has "substantial need for the materials . . . and cannot . . . obtain their substantial equivalent by other means."

## DISCUSSION

No one seems to dispute that the lawyers' notes from the witness interviews are work-product. Instead, AEPF argues that: (1) the court implicitly overruled the SLC's work-product objection by ordering production of the "notes;" and (2) by failing to list the notes on its privilege log, the SLC waived its work-product protection. Neither of these arguments are persuasive.

First, the court did not in its May Order implicitly overrule a work-product objection that had not yet been raised. Issues of privilege or work-product protection were not before the court

at that time. Second, the SLC did not waive its work-product objections by not including the notes on its formal privilege log. Its lawyer's letter, read in conjunction with the interview summaries, served as the functional equivalent of a log.

At the hearing on the motion, AEPF's attorney tried to bolster other arguments that had only been touched on lightly in his papers. First, according to AEPF, the SLC showed a lack of independence by relying on the interview summaries rather than on the "notes" which were the source material for the summaries. Yes, that is an argument, but AEPF does not need the notes to make it. Second, AEPF suggests that the notes may contain information that was left out of the summaries, and which—if known to the SLC—could have or should have altered its conclusions. This argument is nothing but speculation, and this court rejects it.

AEPF's motion is denied.

**IT IS SO ORDERED.**

Dated:    8/13/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Christopher J. Banks cbanks@morganlewis.com, cericson@morganlewis.com
Paul F. Bennett pfb@gbcslaw.com, cgw@gbcslaw.com
Walter F. Brown wbrown@orrick.com, awills@orrick.com
Travis E. Downs , III travisd@csgrr.com, e_file_sd@csgrr.com
Miles F. Ehrlich miles@ramsey-ehrlich.com, andrew@ramsey-ehrlich.com, felicia@ramsey-ehrlich.com, ji-ea@ramsey-ehrlich.com, milesmf@yahoo.com
Joseph Edward Floren jfloren@morganlewis.com, rluke@morganlewis.com
Jonathan B. Gaskin jgaskin@orrick.com, mticzon@orrick.com
Thomas R. Green tgreen@morganlewis.com, lbuda@morganlewis.com
Emily Victoria Griffen egriffen@shearman.com
Felicia Gross felicia@ramsey-ehrlich.com
Tera Marie Heintz theintz@morganlewis.com, eeberline@morganlewis.com
Alice L. Jensen ajensen@fenwick.com, cprocida@fenwick.com
Geoffrey M. Johnson gjohnson@scott-scott.com, aslaughter@scott-scott.com
Steve Shea Kaufhold skaufhold@akingump.com, cgoodman@akingump.com, lrojas@akingump.com
Thomas Samuel Kimbrell thomas.kimbrell@hellerehrman.com, dcdocket@hellerehrman.com, reggie.payne@hellerehrman.com
Dean S. Kristy dkristy@fenwick.com, cprocida@fenwick.com, kayoung@fenwick.com
Nicole Catherine Lavallee nlavallee@bermanesq.com, ysoboleva@bermanesq.com
James Elliot Lyons jlyons@skadden.com, btravagl@skadden.com, kvirdone@skadden.com, wacampbe@skadden.com
Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com
Lanelle Kay Meidan lanelle.meidan@skadden.com
Timothy Alan Miller tmiller@skadden.com, elanders@skadden.com, mborden@skadden.com
Kevin Peter Muck kmuck@fenwick.com, cprocida@fenwick.com
Leigh Anne Parker info@wllawca.com, lparker@weisslurie.com
Warrington S. Parker , III wparker@hewm.com, Susan.Griffin-Preston@hellerehrman.com, tchurch@hewm.com
David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com
Ismail Jomo Ramsey izzy@ramsey-ehrlich.com, andrew@ramsey-ehrlich.com, ji-ea@ramsey-ehrlich.com
Patrick David Robbins probbins@shearman.com, rcheatham@shearman.com
David R. Scott drscott@scott-scott.com
Michael Todd Scott tscott@orrick.com, elee@orrick.com
Michael J. Shepard mshepard@hewm.com, megan.dixon@hellerehrman.com, monica.patel@hellerehrman.com, nsims@hewm.com, sgriffinpreston@hewm.com
Arthur L. Shingler , III ashingler@scott-scott.com, ssawyer@scott-scott.com
Benjamin Patrick Smith bpsmith@morganlewis.com, ewoodward@morganlewis.com
Robert P. Varian rvarian@orrick.com, bclarke@orrick.com
Matthew S. Weiler lwalker@morganlewis.com, mweiler@morganlewis.com
Shirli Fabbri Weiss shirli.weiss@dlapiper.com
Shawn A. Williams shawnw@csgrr.com, aelishb@csgrr.com, cwood@csgrr.com, e_file_sd@csgrr.com, e_file_sf@csgrr.com, moniquew@csgrr.com, travisd@csgrr.com
Christopher Martin Wood cwood@csgrr.com
Denise V. Zamore dzamore@scott-scott.com, cmcgowan@scott-scott.com

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered for e-filing.

Date:      8/13/08                    /s/ mpk
                                      Chambers of Magistrate Judge Howard R. Lloyd

4