SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  *E-FILED 9/11/08*
JAMES E. LYONS  (State Bar No. 112582)
TIMOTHY A. MILLER (State Bar No. 154744)
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
jlyons@skadden.com
tmiller@skadden.com

Attorneys for the Special Litigation Committee
of Nominal Defendant KLA-Tencor Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE KLA-TENCOR CORP. SHAREHOLDER DERIVATIVE LITIGATION | Case No. C-06-03445-JW (HRL)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY AS AMENDED**<br><br>Date:   N/A<br>Time:   N/A<br>Judge:  Honorable James Ware |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-captioned action, through their respective counsel, as follows:

1. Definitions.

    a. "Action" shall refer to the consolidated shareholder derivative action captioned <u>In re KLA-Tencor Corporation Shareholder Derivative Litigation</u>, Case. No. C-06-03445-JW (HRL).

    b. "Confidential Material" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).

    c. "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Stipulation.

    d. "Material" shall mean all documents, testimony and discovery responses, including all copies, excerpts and summaries thereof.

    e. "Party" or "Parties" shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    f. "Person" shall refer to and include (a) all Parties to the Action; and (b) any other person receiving, producing or disclosing Material in the Action.

    g. "Producing Person" shall refer to a Person (including a Party) that produces Material in the Action.

    h. "Receiving Person" shall refer to a Person (including a Party) that receives Material from a Producing Person.

    i. "Stipulation" shall refer to this Confidentiality Stipulation and Protective Order.

2. This Stipulation shall govern the handling of all Material provided during the course of the Action by the Parties to the Action or by non-parties, either voluntarily or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure or as permitted by Court order. The provisions of this Stipulation shall apply to any Person.

- 1 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

3. All Material shall be used only for the purpose of preparing for, and conducting, the Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

4. This Stipulation shall not apply to any document, testimony or other information that (a) is already in a Receiving Person's possession at the time it is produced, (b) becomes generally available to the public other than as a result of disclosure in violation of this Stipulation or in breach of other legal obligation, or (c) becomes available to a Party through voluntary or required production from a person or Party who obtained the document, testimony or other information without any confidentiality restriction.

5. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Person must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Person to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6. If Material is inspected at the Producing Person's choice of location, all such Material shall be presumed at such inspection to have been designated as Confidential Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the Material. Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

7. Each Party shall have 10 days from the actual receipt of any Material produced by any other Party or any third-party to designate any such Material as "Confidential." During this 10-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Stipulation.

8. Any Material designated as "Confidential" in accordance with this Stipulation also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material, subject to the provisions of paragraph 4 of this Stipulation.

9. Confidential Material shall be subject to the following restrictions:

    a. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph 9(b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

    b. **Except as ordered by the Court,** Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

        i. counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel, including any outside vendor providing litigation support or photocopying services, who are assisting in the conduct of the Action;

        ii. the Parties (subject to the limitation of paragraph 9(b)(iii), below);

        iii. those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Action, subject to paragraph 10, below;

        iv. witnesses (other than Parties) at any deposition or hearing in the Action, subject to paragraph 10, below;

        v. such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 10, below;

        vi. the Court, court personnel, potential jurors, jurors or alternate jurors; and

- 3 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

              vii.    court reporters and their employees used in connection with the conduct of the Action.

      10.    Each Qualified Person described in paragraph 9(b), above, other than the Parties and their respective counsel (including their partners and employees), court personnel and court reporters and their employees, to whom Confidential Material is disclosed shall first be provided with a copy of this Stipulation and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and that Confidential Material may not be disclosed other than pursuant to the terms hereof.  It shall be the responsibility of counsel providing such access to provide to each person to whom Confidential Material is disclosed a copy of this Stipulation.  Prior to disclosing Confidential Material to each person described in subparagraph 9(b)(iv), above, or to any officer or employee of a Party, counsel shall cause each such person to execute a Certificate in the form attached as Exhibit A hereto.  Counsel disclosing Confidential Material to persons under subparagraph 9(b) shall be responsible for holding executed certificates.

      11.    All documents and things that are produced in the Action, whether voluntarily or as required by Court order or under the Federal Rules of Civil Procedure, if such documents or things contain Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing.  It shall be the responsibility of the Producing Person to cause all Confidential Material to be stamped by the time such Confidential Material is produced.  If a document alleged to be Confidential Material is nevertheless inadvertently produced without a "Confidential" designation, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled.  As soon as practicable, a Producing Person shall notify a Receiving Person in writing of its inadvertent production of Confidential Material, identifying the Confidential Material with reasonable particularity.  Upon receiving such written notification, the Receiving Person shall treat the Material identified in the written notification as though it had been designated as "Confidential" by the Producing Person under the terms of this Stipulation. Within five court days of sending such written notification, the Producing Person shall provide replacement copies of the specified documents to the Receiving

- 4 -

1 Person that have been properly designated as "Confidential" under this Stipulation, and the
2 Receiving Person shall return the inadvertently produced undesignated documents, and all copies
3 thereof, to the Producing Person (or certify in writing that all such copies have been destroyed).
4      12.    Information or testimony disclosed at a deposition may be designated as
5 Confidential Material by the person providing such testimony, by a Party or by a Producing Person
6 if such person either:
7          a.    identifies on the record at the deposition those portions of the testimony that
8     are designated as Confidential Material; or
9          b.    provides written notification to all Parties within 10 days of receipt of the
10     transcript of the deposition specifying those pages and lines of the transcript that are
11     designated as Confidential Material.
12 The entire transcript of any deposition shall be treated as Confidential Material until 30 days after
13 the conclusion of the deposition. Each page of deposition transcript designated as Confidential
14 Material shall be stamped, as set forth in paragraph 11 above, by the court reporter or counsel.
15      13.    No document that has been designated "Confidential" by any party shall be filed,
16 independently or as an attachment or exhibit to any other document, in the public court file except
17 as provided in Civil Local Rule 79-5. In particular, in addition to compliance with all other
18 provisions of Civil Local Rule 79-5, any Party or other person wishing to file a document
19 designated as "Confidential" by another Party or person must comply with the procedure set forth
20 in Civil Local Rule 79-5(d), which provides:

> If a party wishes to file a document that has been designated
> confidential by another party pursuant to a protective order, or if a
> party wishes to refer in a memorandum or other filing to information
> so designated by another party, the submitting party must file and
> serve an Administrative Motion for a sealing order and lodge the
> document, memorandum or other filing in accordance with this rule.
> If only a portion of the document, memorandum or other filing is
> sealable, the submitting party must also lodge with the Court a
> redacted version of the document, memorandum or other filing to be
> placed in the public record if the Court approves the requested
> sealing order. Within five days thereafter, the designating party must
> file with the Court and serve a declaration establishing that the
> designated information is sealable, and must lodge and serve a
> narrowly tailored proposed sealing order, or must withdraw the
> designation of confidentiality. If the designating party does not file

- 5 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

14. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 9(b)(iii), above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 12 of this Stipulation.

15. No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material, and entering into this Stipulation shall not prejudice, in any way, the right of a Party to seek at any time a determination by the Court of whether any particular document or information should be subject to the terms of this Stipulation.

16. Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

17. Meet and Confer. A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Person. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

18. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Person may file and serve

- 6 -

a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Person in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Person. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Person's designation.

19. Subject to paragraph 3, above, should any non-party seek access to Confidential Material, by request, subpoena or otherwise, the Party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access. If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Action, seeking Material which was produced and designated as Confidential, the Receiving Person shall give written notice, by hand or facsimile transmission, within five business days of receipt of such subpoena, demand or legal process, to those who produced or designated the Material. The Receiving Person shall not produce any of the Producing Person's Confidential Material, unless ordered by a court to do so, until the later of (i) at least five business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process. The Producing Person shall be solely responsible for asserting any objection to the requested production.

20. This Stipulation, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals.

21. This Stipulation shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any Material (whether or

- 7 -

1. not Confidential) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any Material be limited solely to counsel employed by a Party or to other specified persons.

22. Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of a Party to make use of its own Material in any way it deems fit.

23. Within thirty days after the conclusion of the Action, including all appeals, all Confidential Material, copies thereof and documents reflecting such Confidential Material shall be returned to the Producing Person who produced such Confidential Material or destroyed, at the discretion of the Producing Person.  If a Receiving Person believes that destruction of Confidential Material produced in this action would constitute a violation of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or any other legal obligation to preserve documents,  then the Receiving Person shall return copies thereof and documents reflecting such Confidential Material to the Producing Person who produced such Confidential Material in accordance with this paragraph.  If the Confidential Material is destroyed, counsel for the applicable Parties shall certify in writing that all such Confidential Material within their possession or control has been destroyed. Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or served in the course of the Action, discovery responses, and deposition transcripts for a period of 6 months after final termination of this action,.

24. The Court retains jurisdiction to make such amendments, modifications, or additions to this Stipulation as it may from time to time deem appropriate or may consider upon the motion of any party.

**IT IS SO STIPULATED AND AGREED**.

///
///
///
///
///
///
///

- 8 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

| | | |
|---|---|---|
| 1 | DATED: May 22, 2008 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 2 | | JAMES E. LYONS |
| | | TIMOTHY A. MILLER |

By: _____/s/_____
Timothy A. Miller

Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698

Attorneys for the Special Litigation Committee of the KLA-Tencor Board of Directors

I, Timothy A. Miller, am the ECF User whose ID and password are being used to file this STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY. In compliance with General Order 45, X.B., I hereby attest that each of the 9 signatories identified below has concurred in this filing.

DATED: May 22, 2008                MORGAN, LEWIS & BOCKIUS LLP
                                   JOHN H. HEMANN
                                   JOSEPH E. FLOREN
                                   BENJAMIN P. SMITH

By: _____/s/_____
Joseph E. Floren

One Market Street, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendants Jeffrey L. Hall, Richard P. Wallace, John H. Kispert, Dean Morton, Michael Marks, Stephen Kaufman, Dennis Fortino and Nominal Defendant KLA-Tencor Corporation

- 9 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

| | | |
|---|---|---|
| DATED: May 22, 2008 | | COUGHLIN STOIA GELLER<br>    RUDMAN & ROBBINS LLP<br>SHAWN A. WILLIAMS<br>AELISH M. BAIG |

/s/<br>Shawn A. Williams

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRAVIS E. DOWNS III
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Lead Counsel for Plaintiffs

DATED: May 22, 2008

FENWICK & WEST LLP
KEVIN P. MUCK
DEAN S. KRISTY

By:     /s/
       Kevin P. Muck

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendants Edward W. Barnholt,
H. Raymond Bingham, Robert J. Boehlke,
Robert T. Bond, Richard J. Elkus, Jr., Leo
Chamberlain, and Lida Urbanek

DATED: May 22, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP
WALTER F. BROWN, JR.
ROBERT P. VARIAN

By:     /s/
       Robert P. Varian

405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendant Gary Dickerson

- 10 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

| | | |
|---|---|---|
| 1 | DATED: May 22, 2008 | SHEARMAN & STERLING LLP<br>PATRICK D. ROBBINS<br>JEFFREY S. FACTER<br>EMILY V. GRIFFEN |

By: _____/s/_____
   Emily V. Griffen

525 Market Street, Suite 1500
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Attorneys for Defendant Kenneth Levy

DATED: May 22, 2008   LAW OFFICE OF MARK A. BELNICK, LLC
            MARK A. BELNICK (admitted *pro hac vice*)

By: _____/s/_____
   Mark A. Belnick

120 West 45th Street, Suite 1700B
New York, NY 10036
Telephone: (646) 453-2901
Facsimile: (646) 453-2908

CHRISTOPHER D. KERCHER *(pro hac vice)*
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 872-1000

STEVEN S. KAUFHOLD
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 756-9500
Facsimile: (415) 765-9501

Attorneys for Defendant Stuart J. Nichols

DATED: May 22, 2008   RAMSEY & EHRLICH LLP
            ISMAIL RAMSEY
            MILES F. EHRLICH

By: _____/s/_____
   Ismail Ramsey

803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 548-3600
Facsimile: (510) 548-3601

Attorneys for Arthur Schnitzer

- 11 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

| | | |
|---|---|---|
| 1 | DATED: May ____, 2008 | DLA PIPER US LLP<br>SHIRLI FABBRI WEISS<br>DAVID A. PRIEBE |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/_____<br>Shirli Fabbri Weiss |
| 5 | | 200 University Avenue<br>East Palo Alto, California 94303<br>Telephone: (650) 833-2096<br>Facsimile: (650) 833-2001 |
| 6 | | |
| 7 | | |
| 8 | | Attorneys for Defendant Kenneth L. Schroeder |
| 9 | DATED: May 22, 2008 | HELLER EHRMAN LLP<br>MICHAEL J. SHEPARD<br>WARRINGTON S. PARKER, III |
| 10 | | |
| 11 | | |
| 12 | | By: _____/s/_____<br>Warrington S. Parker, III |
| 13 | | 333 Bush Street<br>San Francisco, CA 94014<br>Telephone: (415) 772-6000<br>Facsimile: (415) 772-6268 |
| 14 | | |
| 15 | | |
| 16 | | Attorneys for Defendant Jon D. Tompkins |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Dated:** 9/11/08

_____
**The Honorable Howard R. Lloyd**
**United States Magistrate Judge**

- 12 -
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. C-06-03445-JW (HRL)**

# **EXHIBIT A**

I, _____, do hereby certify that I have been provided with a copy of the Confidentiality Stipulation and Protective Order in the consolidated action captioned *in re KLA-Tencor Corporation Shareholder Derivative Litigation*, No. C-06-03445-JW (HRL) that I have reviewed said Stipulation and Protective Order, and that I agree to be bound by the terms and conditions set forth therein and consent to the exercise of jurisdiction of the United States District Court for the Northern District of California in connection with any proceedings relating to the Stipulation and Protective Order.

Executed on this _____ of _____, _____.
                             day      month      year

_____
signature