*IT IS SO ORDERED*
*[signature] Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re KLA-TENCOR CORP. SHAREHOLDER DERIVATIVE LITIGATION | No. C-06-03445-JW |
| | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| This Document Relates To: | DATE: May 24, 2010 |
| ALL ACTIONS. | TIME: 9:00 a.m. |
| | COURTROOM: The Honorable James Ware |

523426_1

This matter came before the Court for hearing pursuant to the Order of this Court, dated March 25, 2010 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement, dated March 15, 2010 (the "Stipulation"). Due and adequate notice having been given to current KLA-Tencor Corporation ("KLA") shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Action.

3. The Court finds that the notice provided to KLA shareholders was the best notice practicable under the circumstances. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Action, as well as all of the Released Claims, is dismissed with prejudice. As among Lead Plaintiff, the Settling Defendants and KLA, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, Lead Plaintiff (acting on its own behalf and derivatively on behalf of KLA and its shareholders), KLA, and the Settling Defendants, on behalf of themselves and the Related Parties, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Persons from and against the Released Claims and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims, the Action or the filing, prosecution, defense, settlement, or resolution of the Action. Nothing herein

523426_1

shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, as defined in the Stipulation, Lead Plaintiff (acting on its own behalf and derivatively on behalf of KLA and its shareholders), KLA, any Person acting on behalf of KLA, and the Settling Defendants, on behalf of themselves and the Related Parties, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons or any action or other proceeding against any of the Released Persons arising out of, relating to, or in connection with the Released Claims, the Action or the filing, prosecution, defense, settlement, or resolution of the Action. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons and KLA shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from and against all claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims, the Action or the filing, prosecution, assertion, settlement or resolution of the Action, the State Actions, or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, as defined in the Stipulation, in accordance with §21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Persons, by virtue of this Judgment, shall be discharged from all claims for contribution brought by other Persons. This Judgment shall also discharge all obligations to Lead Plaintiff, KLA shareholders and KLA of the Released Persons arising out of, based upon or related to the Released Claims, except for any discovery obligations the Released Persons may have. This Judgment shall bar all future claims for contribution arising out of, based upon or related to the Released Claims by any Person against the Released Persons, and by the Released Persons against any Person. Additionally, all Persons, including but not limited to any other Person or entity who may later be named as a defendant or party in the Action or any other action arising from its subject matter, shall be permanently barred, enjoined, and restrained by this Judgment from commencing, prosecuting, or

523426_1

asserting (i) any claim for contribution or indemnity (whether contractual, equitable, or otherwise) against any of the Released Persons arising out of, based upon or related to the Released Claims; and (ii) any other claim against any of the Released Persons arising out of, based upon or related to the Released Claims where the alleged injury to such Person is the Person's actual or threatened liability to a Released Person, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with the Action.

10. The Court hereby approves the Fee and Expense Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

11. During the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, any applicable California Law and all other similar laws.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

IT IS SO ORDERED.

The Clerk of Court shall close this file and all member cases.

Dated: May 26, 2010

*James Ware*
JAMES WARE
United States District Judge

523426_1